ORDER
Dennis Ball appeals from a district court’s order upholding two bankruptcy court determinations that he was not entitled to a stay of debt collections. We affirm the district court’s judgment.
At the heart of this appeal are two loans that Ball defaulted on — a mortgage he obtained from Franklin Williamson Properties, Inc. in 2000, and a line of credit he took out from Credit Union West in 2007. After the defaults, Ball responded by filing a flurry of bankruptcy petitions. A petition filed in Arizona in 2012 was dismissed the following year. Two subsequent petitions (nos. 13-40016 and 13-40561), filed in the Southern District of Illinois in 2013, were promptly dismissed. In early August 2013 Ball filed yet another petition (no. 13-40863) in the Southern District of Illinois.
In late August 2013 the bankruptcy judge in case no. 13-40016 denied Ball’s request to set aside his ruling to annul the automatic stay on collection activities that normally is triggered by the filing of a bankruptcy petition. See 11 U.S.C. § 362(a); Aiello v. Providian Fin. Corp., 239 F.3d 876, 878 (7th Cir.2001). Ball not only failed to appear at a scheduled hearing on the motion to annul the stay but *357 also, in the judge’s view, filed his bankruptcy petition as “part of a scheme to delay and hinder” Franklin Williamson.
In September the bankruptcy judge in case no. 13 — 40863 confirmed that no stay was in effect under 11 U.S.C. § 362(c)(4)(A)(i) because Ball already had filed more than two bankruptcy cases in the past year, and furthermore,. he had failed to provide sufficient evidence to overcome the presumption that he. had not filed the petition in good faith, ll U.S.C. § 362(d)(4).
Ball appealed the orders in case ños. 13-40016 and 13-40863, and the district court consolidated the appeals, eventually upholding the rulings of both bankruptcy judges not to let the automatic stay take effect against either creditor. Regarding the appeal of case no. 13-40016, the district court concluded that Ball had not submitted any evidence to show that he filed for bankruptcy in good faith; the court in fact found the record “replete with” evidence of his frivolous conduct, and thus annulment of the stay was appropriate. As for case no. 13-40863, the court concluded that Ball’s three bankruptcy filings, all dismissed in the past year, “in no uncertain terms” disqualified him from the relief afforded by the automatic stay.
Ball generally contests the district court’s decision, but fails to raise a specific challenge to any of the determinations made by the bankruptcy judges. As the district court properly pointed out, Ball submitted no evidence to disturb the bankruptcy judges’ determinations that (1) he did not qualify for the automatic stay against Credit Union West because he had filed three bankruptcy cases that were dismissed in 2013, see 11 U.S.C. § 362(c)(4)(A)(i); In re Curry, 362 B.R. 394, 399 (Bankr.N.D.Ill.2007); and (2) he filed these cases as part of a scheme to delay Franklin Williamson’s foreclosure proceedings, see 11 U.S.C. § 362(d)(4); In re Barner, 597 F.3d 651, 653 (5th Cir.2010); In re Spencer, 531 B.R. 208, 217 (Bankr.W.D.Wis.2015).
Ball’s remaining arguments warrant no discussion. Accordingly, the district court’s judgment is AFFIRMED. Credit Union West’s motion for sanctions is GRANTED. Credit Union West is directed to submit a statement of its fees and costs by August 13, 2015. Ball may file a response to Credit Union West’s statement by August 24, 2015.